UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **RIVER ASSETS, LLC** | * | |
|     **Plaintiff** | * | **CIVIL ACTION NO.** |
| | * | |
| **versus** | * | **JUDGE** |
| | * | |
| **KNIGHT TOWING, LLC,** | * | |
| **U.S. SPECIALTY INSURANCE** | * | |
| **COMPANY and CULL, LLC** | * | |
|     **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, River Assets, LLC, who files this Complaint against Knight Towing, LLC, U.S. Specialty Insurance Company and CULL, LLC (a.k.a Continental Underwriters, Ltd., LLC), as more fully set forth herein.

I.

This litigation arises out of a breach of maritime contract for insurance, as well as negligent towing and/or breach of contract of towage related to the sinking and salvage of a spud barge in Mobile Bay, Alabama in November, 2022. The barge in question was owned by River Assets, LLC, towed by Knights Towing, LLC and insured by U.S. Specialty Insurance Company through Continental Underwriters Ltd., LLC.

II.

The Court has jurisdiction over this matter under 28 U.S.C. § 1333 because the claims asserted herein involve the interpretation and application of a policy of marine insurance and the sinking of a barge, the DB 110, on navigable waters of the United States of America.

1

III.

River Assets, LLC is a limited liability company organized and existing under the laws of Illinois, with its principal place of business in Rosiclare, Illinois.

IV.

Named as Defendants in this matter are:

I. Knight Towing, LLC, an Illinois limited lability company with its principal place of business in Cave In Rock, Illinois.

II. U.S. Specialty Insurance Company, a foreign insurer, domiciled and with its principal place of business in Houston, Texas.

III. CULL, LLC, a.k.a. Continental Underwriters, Ltd., LLC, a Louisiana limited liability company with its principal place of business in Covington, Louisiana.

V.

Venue in this Court is proper under 28 U.S.C. § 1391(a)(2), as a substantial part of the events giving rise to claims asserted herein occurred within the jurisdiction of this Court.

VI.

Plaintiff, River Assets, LLC is in the business of operating various barges which are used in the transportation, loading and unloading of bulk aggregate materials.

VII.

In furtherance of its business, River Assets operated a spud barge, the DM 110, on the deck of which was secured a material handler and teleconveyor system, as well as a skid loader and other related equipment.

VIII.

On or around October 28, 2022, River Assets verbally contracted with Knight Towing, LLC to tow the DM 110, along with four hopper barges loaded with aggregate from Three Mile Dry Dock and Repair, around mile 7 of the Mobile River, to Warren Paving's terminal in Orange Beach, Alabama.

IX.

At all relevant times, River Assets and the DM 110 were insured under a Hull policy through U.S. Specialty Insurance Company through Continental Underwriters Ltd., LLC, with the barge and its equipment having a total scheduled value on that policy of $1,730,000.

X.

At all relevant times, Knight Towing, LLC was insured under a P&I policy through U.S. Specialty Insurance Company through Continental Underwriters Ltd., LLC for their negligence.

XI.

On November 9, 2022, the tugboat named the M/V Capt. Lonnie Ryan, operated by Knight Towing, LLC, picked up the DM 110 and negligently arranged the tow with the four hopper barges two abreast and the DM 110 at the head of the tow. The alignment and cabling/lines to secure the 5 barges in the tow were done by the Captain of the tug, Thomas Smith, and his crew.

XII.

The tugboat M/V Captain Lonnie Ryan, was crewed by employees by Knight Towing, LLC.

XIII.

At all relevant times prior to the tow and at its commencement, the DM 110 had a plainly visible list to starboard of approximately two feet, which was caused by the seventy-five (75) ton material handler and other equipment affixed to the barge's deck. This list is typical for a barge of this type.

XIV.

At approximately 21:00 hours on November 9, 2022, the M/V Captain Lonnie Ryan commenced to tow the barges across Mobile Bay.

XV.

Several hours later, at approximately 0200 on November 10, 2022, the weather conditions on Mobile Bay picked up to unsafe conditions, but James Reagan, the pilot of the M/V Captain Lonnie Ryan, elected to continue with the tow instead of seeking safe harbor.

XVI.

At approximately 0300 hours on November 10, 2022, the logs of the M/V Captain Lonnie Ryan note the DM 110 was topping to port. It was at this point during the transit that mooring lines connecting the DM 110 to the tow broke or became loose, causing the DM 110 to top around to the port bow of the other barges. At the same time, the tow was passing a ship, and the DM 110 was not shifted to port until after it had passed. The crew of the M/V Capt Lonnie Ryan repositioned the DM 110 alongside the front hopper barge in the tow with the DM 110's transom stern facing forward and continued on the voyage.

XVII.

At approximately 0530, the crew of the M/V Captain Lonnie Ryan noticed the DM 110 listing and that the starboard side of the deck was underwater.

XVIII.

Knight Towing then intentionally attempted to ground the tow near mile 140 of the intracoastal waterway east in Mobile Bay, Alabama, although the crew of the tug never placed pumps to attempt to remove water or raise the barge prior to divers and salvage crews arriving.

XIX.

Efforts were made by divers and salvage crews over the next several days to keep the DM 110 afloat using pumps. By approximately 0500 on November 14, 2022, however, the DM 110 was completely submerged in Mobile Bay in approximately 7-9 feet of water.

XX.

After several days of salvage operations, the DM 110 was eventually lifted and refloated at approximately 1420 on November 23, 2022.

XXI.

That same evening, after the Coast Guard and participating surveyors signed off on the seaworthiness of the barge, the DM 110 completed the same voyage in reverse, being towed back across Mobile Bay to where it originated, Three Mile Dry Dock, with all of its equipment on board and without incident, which was a voyage of approximately 30 miles.

XXII.

River Assets incurred about $568,772.84 in costs for the salvage effort for the DM 110.

XXIII.

At Three Mile Creek Dry Dock the skid loader was removed from the DM 110. An inspection of the skid loader found significant damage to that equipment.

XXIV.

Without undergoing any repairs, the DM 110 again repeated the same voyage on December 7, 2022, when it was towed without incident from Three Mile Creek across Mobile Bay to Steiner Shipyard near Bayou La Batre by the MV Gregory Frazer.

XXV.

The material handler aboard the DM 110 was removed at Steiner Shipyard and inspections found that it was a total loss.

XXVI.

An inspection of the teleconveyor equipment onboard the DM 110 deemed it to be a total loss.

XXVII.

The total replacement and/or repair costs of the damaged or destroyed equipment aboard the DM 110 at the time of its sinking is estimated to be $1,205,751.53, plus the $4,169 cost to inspect the damage to the material handler.

XXVIII.

At Steiner Shipyard, the DM 110 was then moved to dry dock for inspections.

XXIX.

The DM 110 sustained water damage from the sinking as well as damage from the salvage efforts. The cost to remove equipment and perform temporary repairs on the DM 110 was $68,158.

XXX.

During the salvage and while the DM 110 was in dry dock, U.S. Specialty and/or Knight Towing hired marine surveyors to perform multiple inspections of the DM 110, although River Assets paid $15,003 for one of those inspections and has not been reimbursed.

XXXI.

Based on these inspections, the DM 110 has been determined to be a constructive total loss. The scheduled value of the DM 110 on its Hull policy was $600,000.

XXXII.

In order to avoid fleeting, monitoring and third-party pumping costs, the DM 110 was towed by Knight Towing to Cave-In-Rock, IL, a voyage of approximately 700 miles, without incident. The barge currently remains docked there.

XXXIII.

Knight Towing did not provide a seaworthy vessel in the M/V Captain Lonnie Ryan, as the M/V Captain Lonnie Ryan was not sufficiently or adequately manned for the voyage.

XXXIV.

Additionally, the crew of the M/V Captain Lonnie Ryan failed to exercise reasonable care in securing the tow and towing the DM 110 across Mobile Bay in adverse weather conditions

XXXV.

These failures and unseaworthiness were the sole cause of the DM 110's sinking.

XXXVI.

Despite amicable demand for payment and proof of loss, no payment has been made by Knight Towing, LLC and/or its insurer, U.S. Specialty Insurance Company through Continental Underwriters Ltd., LLC.

XXXVII.

Despite amicable demand and proof of loss by River Asset, LLC to its own Hull insurer, U.S. Specialty Insurance Company through Continental Underwriters Ltd., LLC, no payments have been made to date.

XXXVIII.

Total, River Assets is owed $2,461,854.38 for the salvage, damage to equipment and loss of the DM 110.

XXXVIX

River Assets has also suffered loss of business, loss of use and other economic losses as result of the sinking of the DM 110.

XL.

United Specialty and Continental's refusal to pay and delays in resolving this claim on behalf of Knight Towing was unreasonable, negligent and/or in bad faith.

XLI.

United Specialty and Continental's refusal to pay and delays in resolving this claim directly with River Assets under its Hull policy was unreasonable, negligent and/or in bad faith.

WHEREFORE, River Assets, LLC prays that the Defendants be duly cited and served with this Complaint and that, after all due proceedings are had, there be a judgment entered in its favor and against Defendants Knight Towing, LLC, U.S. Specialty Insurance Company, and Continental Underwriters, Ltd., LLC, for all damages owed, plus any and all penalties, attorneys fees, costs and interest owed and any and all other general and equitable relief to which it might be entitled.

Respectfully submitted,

NALLEY, DEW and MINER
A Professional Law Corporation

_____
GEORGE J. NALLEY, JR. (*Pro Hac Vice*)
ANDREW J. MINER     *(Pro Hac Vice*)
Suite 100
2450 Severn Avenue
Metairie, LA  70001
(504) 838-8188
george@gnalley.com
andrew@gnalley.com
Attorneys for River Assets, LLC