IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RIVER ASSETS, LLC | * |
| Plaintiff, | * |
| v. | * CASE NO. 1:23-cv-00106-TFM-C |
| KNIGHT TOWING, LLC, | * |
| U.S. SPECIALTY INSURANCE | |
| COMPANY and CULL, LLC. | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This cause is before the Court on the motions to dismiss filed by defendants U.S. Specialty Insurance Co. ("U.S. Specialty") and CULL, LLC ("CULL") (See Docs. 21-22). The motions are opposed in part by plaintiff River Assets, LLC ("River Assets or Plaintiff") (See Docs. 39-40). Upon consideration of the contents of the pleadings, briefs, and the attachments to the briefs, along with the comments of counsel presented during the hearing held on October 24, 2023, it is determined that both motions to dismiss should be granted.

## FINDINGS OF FACT

1. The Complaint references two insurance policies that are central to the Plaintiff's claims against U.S. Specialty and CULL.[1] The first is a Hull policy issued by U.S. Specialty to River Assets and the second is a P&I policy issued to Defendant Knight Towing, LLC ("Knight Towing").

---

[1] Plaintiff's Complaint asserts that CULL, LLC is "a.k.a. Continental Underwriters, Ltd. LLC." (Doc. 1, PageID.1).

2. Plaintiff's Complaint was served on U.S. Specialty on April 7, 2023 (Doc. 12) and was served on CULL on April 11, 2023 (Doc. 11).

3. Plaintiff alleges that it "operated a spud barge, the DM 110" and that "River Assets and the DM 110 were insured under a Hull policy through U.S. Specialty Insurance Company through Continental Underwriters Ltd., LLC . . . ."  (Doc. 1, at Paragraphs VII and IX).

4. Plaintiff further alleges that it "contracted with Knight Towing, LLC to tow the DM 110" and that "[a]t all relevant times, [Defendant] Knight Towing, LLC was insured under a P&I Policy though U.S. Specialty Insurance Company through Continental Underwriters Ltd., LLC for their negligence."  (Doc. 1 at Paragraphs VIII and X).

5. The Complaint further alleges that Defendant Knight Towing is liable to Plaintiff for negligently towing the Plaintiff's barge. (Doc. 1, at Paragraphs XXXIII through XXXV). Having just filed suit against Knight Towing, the Plaintiff has not obtained a judgment against Knight Towing.

6. Regarding alleged liability under the P&I policy issued to Knight Towing, the Plaintiff asserts that "United Specialty and Continental's refusal to pay and delays in resolving this claim **on behalf of Knight Towing** was unreasonable, negligent and/or in bad faith." (Doc. 1, at Paragraph XL) (emphasis added).

7. By contrast, regarding alleged liability under the Hull policy issued to Plaintiff, the Plaintiff asserts that "United Specialty and Continental's refusal to pay and delays in resolving this claim **directly with River Assets under its Hull Policy** was unreasonable, negligent and/or in bad faith." (Doc. 1, at Paragraph XLI) (emphasis added).

8. Thus, Plaintiff claims that U.S. Specialty and CULL breached the Hull policy issued to Plaintiff and the P&I policy issued to Knight Towing. Plaintiff also asserts that U.S.

Specialty and CULL are each guilty of bad faith and unreasonable and negligent conduct with respect to the handling of claims under both the Hull policy and the P&I policy.

9. U.S. Specialty admits that it is an insurance company, that it is the insurer of Plaintiff under the subject Hull policy, and that it is the insurer of Knight Towing under the subject P&I policy.

10. CULL filed a Motion to Dismiss (Doc. 21) seeking dismissal of all claims against it, including Plaintiff's claims that it breached both the Hull policy and the P&I policy, and Plaintiff's claims that CULL acted in bad faith and engaged in unreasonable or negligent conduct with respect to the handling of claims under both the Hull and P&I policies.

11. U.S. Specialty filed a Motion to Dismiss less than all claims asserted against it. (Doc. 22). It seeks dismissal of all claims asserted by Plaintiff under the Knight Towing P&I policy (including breach of contract and bad faith claims), and further seeks dismissal of all claims for unreasonable or negligent handling of claims under both the Hull and P&I policies.

12. Plaintiff acknowledges in its opposition briefs that it has no right to pursue claims against U.S. Specialty or CULL in their capacities as Knight Towing's P&I insurer until it has a judgment against Knight Towing. (Doc. 39, PageID.216; Doc. 40, PageID.348). Nonetheless, Plaintiff appears to still contend that Alabama's direct-action statute does not prevent it from pursuing certain claims with respect to the P&I policy. (See, e.g., Doc. 39, PageID.216-219; Doc. 40, PageID.348-350).

## CONCLUSIONS OF LAW

1. Under Alabama Law, River Assets cannot maintain a direct action against Knight Towing's insurance company because such a direct action is not permitted by *Ala. Code* 1975, § 27-23-2. That statute provides, in pertinent part, as follows:

> "Upon the recovery of a final judgment ... for loss or damage on account of . . . loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment...."

*Ala. Code* 1975, § 27-23-2.

2. The Alabama statute establishes the necessity of a "recovery of a final judgment" before a direct action can be filed against an insurance company to recover for the actions of an insured tortfeasor. River Assets has not obtained a judgment against alleged tortfeasor Knight Towing and, thus, cannot maintain a claim against Knight Towing's insurer under that policy. *See, e.g.*, *State Farm Mutual Automobile Insurance Co. v. Brown*, 894 So. 2d 643, 650 (Ala. 2004) (remanding to trial court to dismiss plaintiffs' claims against alleged tortfeasor's insurance company because they violated Alabama's direct action statute where plaintiffs had not obtained a judgment against the alleged tortfeasor). See also *Knox v. Western World Ins. Co.,* 893 So.2d 321 (Ala. 2004) (affirming order dismissing plaintiff's declaratory-judgment claim on basis that final judgment had not been entered against insured/alleged tortfeasor); *Wiggins v. State Farm Fire & Cas. Co.,* 686 So.2d 218, 220 (Ala. 1996) (noting that an injured party " 'can bring an action against the insurer only after he has recovered a judgment against the insured' "); *Hicks v. Alabama Pest Servs., Inc.,* 548 So.2d 148, 150 (Ala. 1989) (judgment had not been entered for plaintiff; therefore, plaintiff had no right to pursue cause of action against insurance company); *Stewart v. State Farm Ins. Co.,* 454 So.2d 513, 514 (Ala.1984) (holding that a plaintiff could not bring a direct action against the alleged tortfeasor's liability insurer under a third-party-beneficiary theory).

3. Based upon the foregoing, Plaintiff can maintain no cause of action whatsoever against either U.S. Specialty or CULL regarding the P&I policy issued to Knight Towing. Any

assertions by Plaintiff that it can still maintain claims for bad faith or negligent/improper claims handling against CULL and U.S. Specialty with respect to the P&I policy are contrary to applicable law. Plaintiff admits that Alabama's direct-action statute is applicable. Plaintiff has not cited any Alabama case that would allow a cause of action for bad faith or negligent/wrongful claim handling by a third party to the P&I insurance contract at issue.

4. Thus, Plaintiff's claims for bad faith and negligent or wrongful claims handling regarding the P&I policy are due to be dismissed. Alabama law has rejected attempts to find a non-party to an insurance agreement liable for any wanton or negligent handling of a claim or bad faith. *See Pyun v. Paul Revere Life Ins. Co.*, 768 F. Supp. 2d 1157, 1179 (N.D. Ala. 2011) (quoting *Chavers v. Nat'l Sec. Fire & Cas. Co.*, 405 So. 2d 1, 5 (Ala. 1981)). Furthermore, "Alabama Courts have steadfastly refused to recognize a cause of action for negligent or wanton handling of insurance claims." *Hillery v. Allstate Indemn. Co.,* 705 F. Supp. 2d 1343, 1367 (S.D. Ala. 2010).

5. Additionally, Alabama law has repeatedly held that there is no bad faith action available to a third party making a claim against an insured. *Dickey v. Alabama Farm Bureau Ins. Co.*, 447 So. 2d 693, 694 (Ala. 1984); *Williams v. State Farm Mutual Auto. Ins. Co.*, 886 So. 2d 72, 75-76 (Ala. 2003) (distinguishing *Howton v. State Farm Mutual Automobile Insurance Co.*, 507 So.2d 448 (Ala. 1987), and holding that "it is well established that a party cannot bring an action against an insurance company for bad-faith failure to pay an insurance claim if the party does not have a direct contractual relationship with the insurance company."). Under Alabama law, bad faith requires as a fundamental element an insurance contract between the parties and a breach of that insurance contract. *Dickey*, 447 So. 2d. at 694. Here, Plaintiff is not a party to the Knight Towing P&I policy and cannot assert bad faith claims relating thereto.

6. Thus, Plaintiff can assert no valid claims for bad faith or negligent/improper claims handling against CULL or U.S. Specialty with respect to the Knight Towing P&I policy.

7. Nor can Plaintiff maintain a breach of contract or bad faith claim against CULL under the subject Hull policy issued to Plaintiff. Copies of the subject Hull policy attached as exhibits to Plaintiff's opposition briefs clearly identify U.S. Specialty and NOT CULL as the "Insuring Company." (Doc. 39-2, Page ID 228; Doc. 40-1, Page ID 357).[2]

8. Because CULL is not a party to the Hull policy, Plaintiff cannot maintain a claim against CULL for breach of that policy. "It is hornbook contract law that someone who is not a party to a contract cannot be bound by the contract." *Ex parte Dickinson*, 711 So. 2d 984, 989 (Ala. 1998). This is so because the very first element of a breach of contract claim is "the existence of a valid contract binding upon the parties in the action." *Armstrong Bus. Servs., Inc. v. AmSouth Bank,* 817 So. 2d 665, 673 (Ala. 2001); *see also Gilmer v. Crestview Memorial Funeral Home, Inc.*, 35 So. 3d 585, 594 (Ala. 2009); *Baxter v. Jones*, 529 So. 2d 217, 222 (Ala. 1988). Therefore, Plaintiff cannot state a viable breach of contract claim against CULL with respect to the Hull policy. *See Manning v. Nationwide Mut. Fire Ins. Co*., 2013 WL 1346984, *3 (N.D. Ala. March 28, 2013) ("non-parties to an insurance contract cannot, as a matter of law, be held liable for breach of the insurance contract or bad faith").

---

[2]For purposes of a Rule 12(b)(6) motion, the Court may consider documents that are central to the Plaintiff's claim and referred to in its Complaint without converting the motion to one for summary judgment. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997) (per curiam) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal . . . [without requiring] conversion of the motion into a motion for summary judgment."). The Eleventh Circuit has made clear that, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

9. For the same reason, Plaintiff cannot maintain a bad faith claim against CULL with respect to the Hull policy. *See Ligon Furniture Co. v. O. M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989) (no bad faith claim available against adjuster that was a non-party to insurance contract); *Liberty Nat's Life Ins. Co. v. Allen,* 699 So. 2d 138, 142 (Ala. 1997); *Manning v. Nationwide Mut. Fire Ins. Co*., 2013 WL 1346984, *3 (N.D. Ala. March 28, 2013).

10. As noted previously, Plaintiff cannot assert valid claims against either U.S. Specialty or CULL for their alleged "negligent" or "unreasonable" handling of claims under the Hull policy. Alabama courts have squarely rejected attempts to maintain such claims. *Hillery v. Allstate Indemn. Co.,* 705 F. Supp. 2d 1343, 1367 (S.D. Ala. 2010) ("Alabama Courts have steadfastly refused to recognize a cause of action for negligent or wanton handling of insurance claims."). Thus, Plaintiff has not asserted valid claims against U.S. Specialty or CULL for negligent or wrongful handling of claims under the Hull policy.

11. Based on the foregoing, River Assets cannot presently assert valid claims against CULL for breach of the subject P&I or Hull policies or for bad faith or negligent/wrongful claims handling regarding either of those policies. Thus, all claims asserted against CULL in the Plaintiff's Complaint are due to be dismissed.

12. Similarly, River Assets cannot assert valid claims against U.S. Specialty for breach of the subject P&I policy or for alleged bad faith conduct with respect to the P&I policy. Nor can Plaintiff assert valid claims for negligent or wrongful claims handling against U.S. Specialty with respect to either the subject P&I policy or the subject Hull policy. Thus, the Motion to Dismiss filed by U.S. Specialty Insurance Co. [Doc. 22] is due to be granted.

**CONCLUSION**

Based on the findings of fact and conclusions of law *supra*, it is recommended that the partial motion to dismiss filed by U.S. Specialty (Doc. 22) and the motion to dismiss filed by CULL (Doc. 21) be GRANTED. Specifically, the following claims should be dismissed:

1. All Plaintiff's claims asserted against CULL are due to be DISMISSED.

2. Plaintiff's claims against U.S. Specialty for breach of the subject P&I policy or for alleged bad faith conduct with respect to the P&I policy are due to be DISMISSED.

3. Plaintiff's claims for negligent or wrongful claims handling against U.S. Specialty with respect to either the subject P&I policy or the subject Hull policy are due to be DISMISSED.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interest of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 11th day of January, 2024.

                                          s/William E. Cassady
                                       **UNITED STATES MAGISTRATE**