UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| RIVER ASSETS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KNIGHT TOWING, LLC, <br><br> U.S. SPECIALTY INSURANCE COMPANY and <br><br> CULL, LLC. <br><br> Defendants. | No. 23-cv-00106 <br><br> Judge Terry F. Moorer |

**KNIGHT TOWING, LLC'S RESPONSE IN OPPOSITION TO
PLAINTIFF RIVER ASSETS, LLC'S MOTION IN LIMINE
TO EXCLUDE DUPLICATIVE EXPERT TESTIMONY**

NOW COMES the Defendant, Knight Towing, LLC, by and through its attorneys, CASSIDAY SCHADE LLP, who submits this Response in Opposition to Plaintiff River Assets, LLC's Motion in Limine to Exclude Duplicative Expert Testimony, and respectfully states as follows:

### I.   INTRODUCTION

Plaintiff River Assets, LLC ("Plaintiff") filed a Complaint against Knight Towing, LLC and U.S. Specialty Insurance Company, in short alleging that the sinking of the *DM 110* spud barge, towed by Knight Towing across Mobile Bay, Alabama in November 2022, was caused by the unseaworthiness of the towing vessel and the negligent actions of Knight Towing's crew. Specifically, Plaintiff claims that the tow was negligently arranged, the vessel was insufficiently manned, and the crew mishandled the voyage in adverse weather, causing the barge to take on water and sink. Following the incident, multiple experts who were retained by the parties and

insurance carriers conducted independent inspections of the *DM 110* to assess the cause and extent of the alleged damage, leading to the current litigation.

Plaintiff now moves this Court to exclude what it characterizes as "duplicative" expert testimony from Kyle Smith and Guy Plaisance, two marine surveyors retained by U.S. Specialty Insurance Company ("U.S. Specialty"). Plaintiff asserts that their testimony is cumulative under Federal Rule of Evidence 403 and should be excluded. However, Plaintiff's motion mischaracterizes the nature of the experts' testimony and disregards the distinct roles and qualifications each surveyor brings to the case. Further, Plaintiff's motion ignores the fact that Knight Towing has a vested interest in ensuring a full and fair presentation of evidence, particularly given the complex factual and technical issues at play in this litigation.

## II.   LEGAL STANDARD

Federal Rule of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." It should be noted that this is a *bench* trial. Moreover, exclusion of expert testimony under Rule 403 is a disfavored practice unless the testimony is truly redundant and offers no additional probative value. Exclusion under Rule 403 is "an extraordinary remedy to be used sparingly." *United States v. Barron-Soto*, 820 F.3d at 417 (11th Cir. 2016).

Federal Rule of Evidence 702 allows testimony from a qualified expert where the expert's knowledge will assist the trier of fact, the testimony is based on sufficient facts or data, the testimony is the product of reliable principles and methods, and the expert has applied those principles and methods reliably to the facts of the case.

Exclusion of expert testimony on the grounds that it is "cumulative" is disfavored unless the testimony is truly redundant and serves no additional probative purpose. Courts recognize that multiple experts on a subject may provide necessary depth of analysis and different perspectives that enhances the jury's understanding. Overlapping expert testimony remains admissible if the experts' analyses are "somewhat different" and "at least partially non-cumulative." *Dewit v. UPS Ground Freight, Inc*., No. 1:16cv36, 2017 U.S. Dist. LEXIS 213416, at *1 (N.D. Fla. Aug. 2, 2017) (citing *Johnson v. United States*, 780 F.2d 902, 906 (11th Cir. 1986)). Even where experts critique the same issue, differences in methodology and analytical focus can render their testimony distinct and admissible as held in *Action Nissan, Inc. v. Hyundai Motor Am. Corp.,* No. 6:21-cv-2152-WWB-EJK, 2024 U.S. Dist. LEXIS 173457, at *11 (M.D. Fla. Sep. 25, 2024).

In the context of a bench trial, courts have recognized that the better practice is to allow the testimony and permit the judge to determine, after hearing said testimony, whether it is cumulative. Since courts are "almost always better situated during the actual trial to assess the value and utility of evidence," the "'better practice is to deal with questions of admissibility of evidence as they arise' during the trial." *Sperberg v. The Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also United States v. Marino*, 200 F.3d 6, 11 (1st Cir. 1999) (recognizing that proffered evidence can be more accurately assessed in the context of other evidence). As such, exclusion of expert testimony at this stage is premature. The Court, sitting as the trier of fact, is in the best position to evaluate whether the testimony is in fact cumulative or adds unique value to the evidentiary record.

### III. ARGUMENT

### A. The Experts Provide Complementary, Not Duplicative, Testimony.

Contrary to Plaintiff's assertion, Kyle Smith and Guy Plaisance offer distinct perspectives and expertise that are relevant to this litigation. While both experts are marine surveyors, they do not merely restate each other's findings. Their opinions are based on independent inspections, and their analyses incorporate different methodologies and professional experiences. Kyle Smith focused on structural and mechanical assessments, specifically addressing corrosion, hull integrity, and causation factors related to the barge's damage.[1] Guy Plaisance has extensive operational experience and offers insight into marine industry standards, navigational hazards, and the practical implications of the alleged deficiencies.[2]

The mere fact that their opinions overlap in certain areas does not render their testimony cumulative. Courts routinely allow multiple experts to testify on overlapping issues when they provide unique insights that aid the jury's understanding. Excluding expert testimony as cumulative requires a showing that its probative value is "substantially outweighed" by its cumulative effects under Rule 403. *Architects Collective v. Pucciano & English, Inc.,* No. 1:15-cv-0842-AT, 2016 U.S. Dist. LEXIS 192926, at *16 (N.D. Ga. Nov. 14, 2016). A court abuses its discretion by excluding testimony where the expert's "analysis was somewhat different" and "more comprehensive" than that of other experts. *Johnson v. United States,* 780 F.2d 902, 906 (11th Cir. 1986).

Courts routinely allow multiple expert witnesses where the testimony is not identical but instead reinforces different aspects of the case. In *Hernandez v. Crown Equip. Corp.,* 92 F. Supp.

---

[1] See Deposition of Kyle Smith, Dec. 18, 2024, at pp. 6–7, 15–17, 24–27, 29-30, 79-80, attached hereto as Exhibit "A."
[2] See Deposition of Guy Plaisance, Jan. 28, 2025, at pp. 8–10, 14–17, 78-82, 98-108, 125-131, attached hereto as Exhibit "B."

3d 1325 (M.D. Ga. 2015), the Court found that while there was some overlap in the subject matter of the experts' testimonies, each expert provided distinct analyses based on their unique methodologies and areas of expertise and concluded that these differing perspectives offered complementary insights into the case's central issues. The court denied the motion to exclude the experts' testimonies, determining that the probative value of their distinct analyses outweighed any potential cumulative effect. In *Johnson v. United States*, 780 F.2d 902, 904 (11th Cir. 1986), the court ruled that exclusion of its expert was improper because the record did not support the finding that his testimony would be cumulative, and defendant had not agreed to limits on experts. Thus, the presence of two marine surveyors does not automatically result in "needlessly cumulative" testimony but instead ensures a thorough examination of the technical issues before the Court.

Here, Plaintiff has not demonstrated that the experts' testimony is so redundant as to warrant exclusion under Rule 403. Rather, the experts' testimony will reinforce the accuracy and credibility of the conclusions reached, ensuring a well-rounded and thorough evidentiary record.

### B. Plaintiff's Motion is Premature and is Best Addressed at Trial

Any concerns about cumulative testimony can be adequately addressed at trial through traditional evidentiary controls, including witness examination, objections, and the Court's discretion in managing the order of testimony. It is unnecessary to preemptively exclude an expert witness at this stage when it remains unclear how the testimony will be presented. Courts have routinely denied motions in limine seeking to exclude expert testimony before trial, emphasizing that such determinations are best left for trial. A party generally should file a motion *in limine* only when a trial is imminent. *See*, *Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011) (noting that evidentiary rulings usually should be deferred until closer to trial "so that questions of

foundation, relevancy and potential prejudice may be resolved in proper context"); *Jones v. Harris*, 665 F. Supp. 2d 384, 404 (S.D.N.Y. 2009) (denying a motion *in limine* without prejudice as premature because *in limine* "motions deal with evidentiary matters and are not to be filed until" trial is imminent); *see also United States v. Goodale*, 831 F. Supp. 2d 804, 808 (D. Vt. 2011) (noting that courts sometimes reserve judgment on motions *in limine* "until trial to ensure the motion is considered in the proper factual context").

Because this case is set for a *bench* trial, the relief Plaintiff seeks in its Motion is improper, and thus, it is due to be denied. *See Mokris v. United States*, No. 2:20-cv-34-JES-MRM, 2022 U.S. Dist. LEXIS 43711, 2022 WL 743416, at *1 (M.D. Fla. Mar. 11, 2022) (denying a motion in limine and noting that "'the more prudent course of action in a bench trial is often to resolve evidentiary doubts in favor of admissibility'") (quoting *Johnson & Johnson Vision Care*, 616 F. Supp. 2d at 1256)).

## IV.   CONCLUSION

For the foregoing reasons, Knight Towing, LLC respectfully requests that this Court deny Plaintiff River Assets, LLC's Motion in Limine to Exclude Duplicative Expert Testimony and allow the expert witnesses for U.S. Specialty Insurance Company to testify as necessary to provide a full and fair presentation of the evidence.

Respectfully submitted,

*/s/ Brian P. McCarthy*
BRIAN P. MCCARTHY
MCDOWELL KNIGHT ROEDDER & SLEDGE L.L.C.
11 North Water Street, Ste. 13290
Mobile, Alabama 36602
(251) 432-5300
(251) 432 5303 - Fax

6

and

John A. O'Donnell, Sr.
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax

Attorneys for Knight Towing, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2025, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

GEORGE J. NALLEY, JR.
ANDREW J. MINER
2450 Severn Avenue, Suite 100
Metairie, LA 70001

DOUGLAS W. FINK
HENRY T. MORRISSETTE
Hand, Arendall, Harrison Sale
104 Saint Francis St., Suite 300
Mobile, AL 36602

*/s/ Brian P. McCarthy*