IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RIVER ASSETS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:23-cv-106-TFM-C |
| ) | |
| KNIGHT TOWING, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On September 30, 2025, the Court issued a summary order indicating that Plaintiff River Assets' Motion in Limine to Exclude Duplicative Expert Testimony (Doc. 117, filed 2/17/25) was **DENIED**. The Court further indicated that a more detailed opinion would follow. This is that order.

**I.     STANDARD OF REVIEW**

The admission of expert testimony is governed by FED. R. EVID. 702, which provides that, if "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," a witness "qualified as an expert by knowledge, skill experience, training, or education may testify in the form of an opinion or otherwise." FED. R. EVID. 702. The U.S. Supreme Court elucidated this requirement in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, noting that district courts are gatekeepers charged with ensuring that "speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). In determining the admissibility of expert testimony under *Daubert*, the district court must consider whether: (1) the expert is qualified to testify competently regarding the matters he intends to

address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005). "While there is inevitably some overlap among the basic requirements — qualification, reliability, and helpfulness — they remain distinct concepts and the courts must take care not to conflate them." *Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1193 (11th Cir. 2011) (citation omitted).

The district court's objective is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). The proponent of the expert testimony bears the burden of demonstrating that the expert is qualified to render his testimony, the methodology by which he reached his conclusions is sufficiently reliable, and his opinions will assist the trier of fact. *Id.*

If a witness' qualifications to render an opinion rest exclusively or primarily on experience, the witness "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id*. at 1261 (internal quotations and citation omitted) (emphasis in original). Reliability may not be premised "merely by the ipse dixit of an admittedly qualified expert." *Id*. When determining reliability, the district court may take into consideration a range of factors, including: (1) whether the expert's theory can be, and has been, tested; (2) whether the expert's theory has been subjected to peer review and publication; (3) whether the employed technique has a known error rate; and (4) whether the methodology is generally accepted in the scientific community. *Id.*

at 1262; *McCorvey*, 298 F.3d at 1256. These factors, however, are non-exhaustive. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). The district court has "broad discretion in determining whether to admit or exclude expert testimony, and its decision will be disturbed on appeal only if it is manifestly erroneous." *Evans v. Mathis Funeral Home*, 996 F.2d 266, 268 (11th Cir. 1993).

## II.   MOTION TO EXCLUDE

River Assets filed its motion to exclude expert testimony from one of USSIC's expert witnesses as duplicative. Doc. 117 (including attachments). Specifically, River Assets seeks an order

> excluding from the trial of this matter cumulative expert testimony on the part of Defendant, US Specialties Insurance Company. Specifically, US Specialties has offered both Kyle Smith and Guy Plaisance as marine surveyors to offer expert opinions in this matter. Both witnesses have similar qualifications, similar opinions and rely on the same information in forming those opinions.

Doc. 117 at 1. River Assets filed its motion to exclude the testimony and opinions to the extent that they offer opinions that are cumulative of each other but does not state which expert should be excluded. Doc. 117-1 at 2. River Assets does not dispute the admissibility of either expert's report or potential testimony or dispute their qualifications. Rather, River Assets contends that the experts' testimony and opinions should be excluded pursuant to Fed. R. Evid. 403 and 702, arguing that "a Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of wasting time or needlessly presenting cumulative evidence." *Id.*

Both defendants argue that their witnesses have distinct credentials and that their testimony will be complementary rather than cumulative. Knight Towing argues:

> Kyle Smith and Guy Plaisance offer distinct perspectives and expertise that are relevant to this litigation. While both experts are marine surveyors, they do not merely restate each other's findings. Their opinions are based on independent inspections, and their analyses incorporate different methodologies and

> professional experiences. Kyle Smith focused on structural and mechanical assessments, specifically addressing corrosion, hull integrity, and causation factors related to the barge's damage.[] Guy Plaisance has extensive operational experience and offers insight into marine industry standards, navigational hazards, and the practical implications of the alleged deficiencies.[]

Doc. 124 at 4 (footnotes omitted). Similarly, USSIC argues that the respective experts have distinct qualifications. Specifically, "[a] review of Captain Plaisance's CV reflects that, in addition to being a marine surveyor for over twenty years, he also has extensive experience as a licensed mariner." Doc. 125 at 2 (citation omitted). By contrast, "Kyle Smith, on the other hand, has 38 years of experience in the marine business, but does not have mariner's credentials." Doc. 125 at 2 (citation omitted). USSIC further notes that "Captain Plaisance and Kyle Smith performed different functions, conducted their inspections of the DM-110 at critically different times, and based their opinions on different evidence." *Id*. For example, "[u]nlike Smith, Plaisance performed a detailed analysis of all costs submitted by the Plaintiff regarding alleged damages incurred with regard to the sinking and salvage of the DM-110." *Id.* at 3 (citation omitted).

"Expert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend for themselves." *Hibiscus Assocs., Ltd. v. Bd. of Trustees of Policemen & Firemen Retirement Sys. of Detroit*, 50 F.3d 908, 917 (11th Cir. 1995) (citing *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962)). Further, "[p]roffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387 F.3d at 1262-63 (citing 4 Weinstein's Federal Evidence § 702.03(2)(a)). In this case, there is significant disagreement over valuation of damages and the causation of the sinking as it relates to the general condition of the DM-110 at the time of the sinking. Accordingly, there is reasonable probability that the testimony of Smith and Plaisance could be not only distinct but aid the factfinder in distinct issues dispositive to this

matter.

Additionally relevant to this case is that it is a non-jury trial. In cases where the Court is the factfinder, courts have found that the traditional evidentiary analysis may be somewhat relaxed. *See, e.g., United States v. Brown*, 415 F.3d 1257, 1268-69 (11th Cir. 2005) ("Those barriers are even more relaxed in a bench trial situation, where the judge is serving as factfinder and we are not concerned about dumping a barrage of questionable scientific evidence on a jury…. There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.") (citations are internal quotation marks omitted); *see also United States v. Wood*, 741 F.3d 417, 425 (4th Cir. 2013) ("[B]ecause the district court was also the trier of facts, the district court's evidentiary gatekeeping function was relaxed, and the district court was in the best position to decide the proper weight to give the expert opinions."); *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702"); *Bobo v. TVA*, 885 F.3d 1294 (11th Cir. 2017) (quoting *Brown* and state same); *Braggs v. Dunn*, Civ. Act. No. 2:14-cv-601-MHT, 2017 WL2984312, *3, 2017 U.S. Dist. LEXIS 108548, *7 (M.D. Ala. Jul. 13, 2017) ("[T]he *Daubert* barriers to admissibility are more relaxed in a bench trial, 'where the judge is serving as factfinder,' and the court need not be 'concerned about dumping a barrage of questionable scientific evidence on a jury.'") (quoting *Brown*).

The decision to admit or exclude expert testimony is within the trial court's discretion and the court enjoys "considerable leeway" when determining the admissibility of this testimony. *See Cook v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005). Though it may be true that the expert opinions both implicate the seaworthiness of the vessel, it does not mean that

the information is not relevant to other claims, such as valuation and the condition of the DM-110 in and out of the water following the sinking. Here, the Court finds that the experts' opinions regarding the subject vessel are all clearly relevant and connected to the facts concerning the issue of causation and valuation of damages for the sinking of the vessel. Since this is a non-jury trial, the Court is the factfinder and has the discretion to admit the evidence subject to the ability to later exclude it or disregard it if the Court finds it is not relevant to the claims at hand or cumulative of evidence already admitted at trial.

### III.   CONCLUSION

After a careful review of all the written pleadings, motion (Doc. 117), responses (Docs. 125, 126), reply (Doc. 129), and the relevant law, the Court finds Plaintiff's Motion in Limine to Exclude Duplicative Expert Testimony (Doc. 117) is **DENIED**.

**DONE** and **ORDERED** this 10th day of October, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE